**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA,

Plaintiff,

v. 5:18-CV-1051 (BKS/ATB)

SYRACUSE POLICE,

Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court a civil rights complaint ("Compl."), together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Matthew DeRocha.[1] (Dkt. Nos. 1, 2).

**I. <u>IFP Application</u>**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). However, the application does not appear to be properly completed. Plaintiff alleges that he has no wages, and that he also has no other income from ***any sources***. (Dkt. No. 2 at 1). He also indicates that he has no money in any bank accounts. (*Id.* at 2). He has left every other question on the IFP application form blank. (*Id.*) While plaintiff may not have any income from businesses, rent payments, pensions, disability or worker's compensation, or gifts, the form also asks whether plaintiff has income from "other sources." (Dkt. No. 2, ¶ 3(f)). These other sources

[1] The court notes that plaintiff filed a very similar complaint, in which he challenges a different arrest, against the North Syracuse Police Department. *DeRocha v. North Syracuse Police*, No. 5:18-CV-1052 (GLS/ATB).

would include public assistance or other money that plaintiff obtains from "any" source. Thus, while it appears that plaintiff meets the financial criteria for IFP, he needs to properly complete the application so that the court may make an informed decision. Because this court is recommending dismissal without prejudice to amendment, I will also recommend that, if plaintiff files an amended complaint, he also submit a properly completed IFP form for the court's review.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaint</u>

Plaintiff alleges that he was arrested by the "Syracuse Police" for violating a "restraining order on Jessica Lockwood." (Compl. ¶ 4 - Facts). Plaintiff states that he did not violate the "order of protection," and that the individual who had him arrested was not Jessica Lockwood. Plaintiff states that he explained this to the "Syracuse Police," and that he "won," after a "none" jury trial. However, plaintiff states that he spent time in jail. (*Id.*) Plaintiff claims that "she" had him arrested and "robbed me for my things and I lost my car." (*Id.*)

The complaint does not state any causes of action, rather plaintiff has listed additional facts under the headings "First" and "Second" Causes of Action. (Compl. ¶ 5). Plaintiff repeats that he was arrested for assault on Jessica Lockwood, when he did not hurt or hit anyone. Plaintiff claims that "they" have pictures of the "girl," and that he is going to get copies from the District Attorney's Office. (*Id.* - First Cause of Action).

Plaintiff states that he told the police that he did not "hit her," and that "it was not her." (*Id.* - Second Cause of Action). However, in this recitation, plaintiff states that "I did plead gilty [sic] but it is unfair that that [sic] happened to me wih all of that proof

the police can do a better job." (*Id.*) Plaintiff seeks $50,000.00. (Compl. ¶ 6).

## III. Syracuse Police

### A. Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.2002) (dismissing claim against the police department); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics). Therefore, claims asserted under 42 U.S.C. § 1983 must be dismissed against an administrative department or sub-division of a municipality or county. *Id. See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B. Application

In this case, plaintiff has named only the "Syracuse Police" as a defendant and has not indicated a basis for his lawsuit. In addition, plaintiff has not indicated when any of the alleged incidents occurred.[2] Finally, on the first page of the facts, plaintiff states that he "won" after a "none jury trile [sic]," but on the second page of the

---

[2] A section 1983 action must be brought within three years of the accrual of plaintiff's claim. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). While plaintiff's claim in this case may be timely, this court has no way of knowing unless plaintiff includes the dates of the alleged incidents. The court also notes that a claim for false arrest accrues when a criminal defendant is bound over by a Magistrate or arraigned on charges, *Wallace v. Kato*, 549 U.S. 384, 389 (2007), while a claim for malicious prosecution does not accrue until the criminal case is resolved in the defendant's favor. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).

complaint, plaintiff states that he pled guilty, but it was "unfair," and that the police should do "a better job." (Compl. ¶¶ 4, 5).

As stated above, plaintiff may not sue the "Syracuse Police." The plaintiff has not named any other defendants. In certain situations, the court could substitute the City of Syracuse, but plaintiff has not stated any claim for municipal liability.[3] Thus, the court will not order substitution of defendants, and I must recommend dismissal of the complaint.

It is also unclear what plaintiff is attempting to claim. Plaintiff may be attempting to allege that he was falsely arrested. Section 1983 provides a cause of action for damages on behalf of a plaintiff who has been deprived of a constitutional or statutory right by a person acting under color of state law. 42 U.S.C. § 1983. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not create substantive rights, it provides redress for the deprivation of rights that are established elsewhere. *Minott v. Duffy*, No. 11 Civ. 1217, 2014 WL 1386583, at *9 (S.D.N.Y. Apr. 8, 2014)

---

[3] A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), (Rep.-Rec*.), adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

(citing *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)).

A plaintiff may bring a section 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable searches and seizures. *Id.* at *10. The standard is the same as a false arrest claim under New York law, which requires that the defendant intended to confine the plaintiff, plaintiff was conscious of the detention, plaintiff did not consent to the detention, and the confinement was not otherwise privileged. *Id.* at *10 (citing *Gaston v. City of New York*, 851 F. Supp. 2d 780, 787 (S.D.N.Y.2012) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134–35 (2d Cir.2003)). However, the existence of probable cause is an absolute defense to a false arrest claim. *Id.* (citation omitted).

If plaintiff is alleging false arrest, he must name the officer or officers who he claims falsely arrested him, and who acted under color of state law. Each individual sued must have had personal involvement in the arrest in order to be liable under section 1983. *Id.* at *11 (quoting *Travis v. Vill. of Dobbs Ferry*, 355 F. Supp. 2d 740, 747 (S.D.N.Y.2005)). Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

Another basis for plaintiff's claims may be malicious prosecution. A malicious prosecution claim under New York law requires the plaintiff to prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quoting *Murphy v. Lynn*, 118 F.3d 938,

947 (2d Cir. 1997) (internal quotation marks omitted)).

In this case, the facts as described in the complaint do not state a claim for malicious prosecution, particularly because plaintiff states on the first page, that he "won" after a non-jury trial,[4] but on the second page, he states that he "plead [guilty]," but that it was "unfair." (Compl. ¶ 5). Thus, it is unclear whether the proceedings terminated in plaintiff's favor.[5] In addition, there are no individual defendants who could be liable for malicious prosecution. *Blythe v. City of New York*, 963 F. Supp. 2d 158, 183 (E.D.N.Y. 2013) (the individual police officers who arrested plaintiff would be the proper defendants for any false arrest or malicious prosecution claim). Any amended complaint that plaintiff files must clarify these facts in order for such a claim to proceed.

## VII. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

---

[4] The court assumes that plaintiff meant to write "non-jury trial," because he appears to have written "none jury trile [sic]." (Compl. ¶ 4).

[5] The court would also note that, if the proceedings did not terminate in plaintiff's favor, any civil rights claim would be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent that a decision in plaintiff's favor would necessarily invalidate or call into question the conviction. However, it is impossible to determine what happened in plaintiff's case.

**B. Application**

As stated above, plaintiff's IFP application appears to be incomplete. In addition, plaintiff does not state any claims for relief. Plaintiff has also failed to state when the incidents which form the basis of his complaint took place. However, this court will recommend dismissal with the opportunity to amend so that plaintiff may have an opportunity to cure the defects in his complaint if possible. *See Moco v. New York City Police Dep't*, Nos. 17-CV-5608. 17-CV-5611, 2018 WL 344968 (E.D.N.Y. Jan. 9, 2018) (allowing amendment in a similar case).

If the court approves this recommendation and plaintiff chooses to submit a proposed amended complaint, plaintiff must keep the following admonitions in mind. With respect to the IFP application, plaintiff must properly complete each question. With respect to any amended complaint: (1) Plaintiff may not sue the Syracuse Police. (2) Plaintiff must name the individuals who he believes were responsible for an alleged deprivation of his constitutional rights and a brief description of what each individual did or failed to do. If plaintiff does not know the officers' names, he may identify them as "John or Jane Doe, along with any physical description that he may remember. (3) Plaintiff must provide the date and time that the incidents allegedly occurred. (4) Plaintiff must also clarify the inconsistent facts that he has already alleged. He cannot state on one page that he "won" after a non-jury trial and then on the next page, state that he pled guilty, but it was "unfair."

Finally, if the court adopts this recommendation, and plaintiff submits a proposed amended complaint, the amended complaint must be a complete pleading, and will supercede the original. Plaintiff must repeat all of his claims, correcting the deficiencies noted above. The complaint must stand alone, and he may not incorporate

any facts from the original document.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE** to plaintiff filing an amended and complete application, and it is

**RECOMMENDED**, that the entire complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff submitting a proposed amended complaint as stated above for the court's review, and it is

**RECOMMENDED**, that if the District Judge adopts this Recommendation, the plaintiff be given forty-five (45) days to file his proposed amended complaint, and it is

**RECOMMENDED**, that if plaintiff files a proposed amended pleading, the pleading be returned to me for initial review, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation and plaintiff fails to submit a timely proposed amended complaint or ask for an extension of time to do so, the complaint be dismissed in its entirety without further action by the court, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the plaintiff in accordance with the Local Rules of the Northern District of New York.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary*

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 12, 2018

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**