UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA,

                                        Plaintiff,

      v.                                                        5:18-CV-1051
                                                                          (BKS/ATB)

CITY OF SYRACUSE,

                                        Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

### I.    Procedural History

Plaintiff filed his original complaint in this case on September 4, 2018, together with an incomplete application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). I conducted an initial review of the complaint, and on September 12, 2018, I issued an Order and Report-Recommendation ("ORR"), ordering that plaintiff properly complete his IFP application, and recommending dismissal of his complaint on the merits with leave to amend. (Dkt. No. 5). On October 22, 2018, plaintiff filed a renewed motion to proceed IFP, and instead of filing objections to my ORR, he filed an amended complaint. (Dkt. Nos. 9, 10). On November 8, 2018, U.S. District Court Judge Brenda K. Sannes adopted my ORR and referred the amended complaint together with the renewed motion for IFP status to me for review. (Dkt. No. 11).

### II.    IFP Application

A review of plaintiff's renewed IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 10). This court agrees and finds that plaintiff is financially eligible to proceed without payment of fees.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's proposed

amended complaint under the above standards.

## II.   Facts

In his proposed amended complaint, plaintiff alleges that he was arrested for assault on September 21, 2017 by Officer John Harkness, ID #304 and Officer "Soderholm," ID #324. (Amended Complaint ("AC") at 6).[1] Plaintiff states that the victim told the police that she was Jessica Lockwood, but that was not her real name. (*Id.*) Although plaintiff claims that he did not assault either woman,[2] he pled guilty to the charge because the District Attorney and the Judge allegedly told plaintiff that if he pled guilty, he could go home, but otherwise, he would go back to jail. (*Id.*) Plaintiff claims that the victim "got an order of protection" against plaintiff, based on his guilty plea to the assault. (*Id.*)

Plaintiff states that, on October 15, 2018, he was arrested for criminal contempt by officers D. Pelz, "ID #245" and Officer J. Pastorello, "ID #1199." (*Id.*) Plaintiff claims that he told the officers he was being robbed, and "it wasn't her," and "I didn't do it." However, plaintiff states that he was taken to jail. Plaintiff states that Jessica Lockwood called the District Attorney and explained that plaintiff "didn't do anything wrong and she wanted the charges dropped." Even though Ms. Lockwood's called the District Attorney to have the charges dropped, plaintiff claims that he was forced to go to trial. Plaintiff states that "the charge was acquitted." (*Id.*) Plaintiff states that, "because [he] was arrested these women stole all of my thing[s] bed clothes table and

---

[1] There are no page numbers on plaintiff's amended complaint. The page numbers cited herein refer to the pages assigned by the court's electronic filing system ("CM/ECF")

[2] Plaintiff states that "I have never hit Jessica Lockwood or assaulted this other woman." (AC at 6).

3

lost my car [sic]." (*Id.* at 7).

Plaintiff appears to assert four causes of action - (1) False Imprisonment/False Arrest; (2) "Negligence [sic] Arrest;" (3) Harassment; and (4) Malicious Prosecution. (AC ¶ 5 at 3-4). In his claim for false imprisonment/false arrest, plaintiff claims that he was falsely arrested on October 15, 2017 because of the "negligent" arrest on September 21, 2017. (*Id.*) Plaintiff claims that on October 15, 2018, plaintiff was being robbed by an individual who said she was Jessica Lockwood. Plaintiff states that he told the police that the woman was not "Jess," but the officer said that "it was," and although the officer told plaintiff that he would "fingerprint" her, he did not do so. (*Id.*) Plaintiff also states that he told the officers that he was the victim, and that "it was [his] cell phone because she was on my voice mail." However, the officer gave the telephone to the woman, and arrested plaintiff instead. Plaintiff states that he "did not do the crime." (*Id.*)

Plaintiff's second cause of action alleges "Negligence Arrest" based upon the September 21, 2018 assault arrest, after which plaintiff apparently pled guilty so that he could go home. (*Id.*) Plaintiff claims that a woman, who was not Jessica Lockwood, called the police and told them that plaintiff hit her in the hands, back of the head, and face. Plaintiff states that the officers kicked in his friend's door "without knocking and blamed it on [plaintiff]." The officers grabbed plaintiff by the neck and "choked" him, while asking if he liked hitting girls. (*Id.*) The officer mentioned the damage to Ms. Lockwood's hands, but plaintiff claims that the victim's hands were swollen as the result of injecting drugs in her hands. Plaintiff states that he showed the officers his own hands to prove his assertion a person's hands would swell if he or she missed the vein when trying to inject drugs in his or her hands. Plaintiff states that he does not

4

have the woman's name, but he would have it "for court." Plaintiff claims that he told the police that "it was not Jessica Lockwood," and that he did not hit her, but they arrested him. (*Id.*)

Plaintiff states that the police "took pictures of the victim's face and hands at the hospital," and that these photos would prove that "it was not Jessica Lockwood." Plaintiff states that he is waiting for the photos from his attorney, and that plaintiff would get "real" pictures of Jessica Lockwood for comparison. Plaintiff states that he is "suing" because he thinks that "the police can do a better job and the girl wasn't even Jessica Lockwood and does look different." (*Id.*)

Plaintiff's third cause of action alleges "Harassment." (AC at 4) He states that he was "choked" and placed in the police car. Once he was in the police car, plaintiff states that he asked for the air conditioning to be turned on, but the officers turned on the heat instead, and plaintiff was "drenched with sweat." (AC at 3-4). Plaintiff's fourth cause of action alleges "Malicious Prosecution," and claims that after the October 15th arrest, Jessica Lockwood called the District Attorney to state that plaintiff did not do anything wrong, and the criminal contempt charge was "bogus." However, the "DA still went on [until] trile [sic] that I won." (*Id.* at 4). Plaintiff seeks $50,000.00 in damages. (AC ¶ 6 at 5).

Plaintiff'S amended complaint has named only the City of Syracuse as a defendant in the caption of the complaint. (AC at 1). However, in the body of the complaint he has named particular officers who were allegedly involved in the violation of his constitutional rights. The court will assume that plaintiff meant to add these individuals as defendants, given this court's prior ORR, which indicated that he must name the officer or officers who he alleges were involved in the constitutional

violations. (Dkt. No. 5 at 6).

### III. False Arrest/False Imprisonment

#### A. Legal Standards

A plaintiff may bring a section 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable searches and seizures. *Minott v. Duffy*, No. 11 Civ. 1217, 2014 WL 1386583, at *10 (S.D.N.Y. Apr. 8, 2014) (citing *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). The standard is the same as a false arrest claim under New York law, which requires that the defendant intended to confine the plaintiff, plaintiff was conscious of the detention, plaintiff did not consent to the detention, and the confinement was not otherwise privileged. *Id.* at *10 (citing *Gaston v. City of New York*, 851 F. Supp. 2d 780, 787 (S.D.N.Y.2012) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134–35 (2d Cir.2003)). However, the existence of probable cause is an absolute defense to a false arrest claim. *Id.* (citation omitted).

#### B. Application

Plaintiff's first and second causes of action are related. Therefore, the court will consider the two causes of action together. Plaintiff's first cause of action claims that he was arrested in October of 2017 because of the "negligent" arrest in September of 2017, which is the subject of plaintiff's second cause of action. Plaintiff apparently claims that because he should not have been arrested in September, Jessica Lockwood should not have gotten an order of protection against him, the alleged violation of which was the cause of plaintiff's October 2017 arrest.

##### 1. September 21, 2017 - "Negligent" Arrest

To establish a negligence claim under New York law, a plaintiff must prove (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty, and (3) the breach

6

was a proximate cause of injury to plaintiff. *Robinson v. United States*, No. 15-CV-0988, 2018 WL 4003017, at *7–8 (E.D.N.Y. Aug. 22, 2018) (citing *Di Benedetto v. Pan Am World Servs., Inc.*, 359 F.3d 627, 630 (2d Cir. 2004)).  However, there is no cause of action under New York law "'for false arrest or false imprisonment sounding in negligence.'" Id. (quoting *Barone v. United States*, No. 12 Civ. 4103, 2014 WL 4467780, at *8 (S.D.N.Y. Sept. 10, 2014) (quoting *Swinton v. City of New York*, 61 A.D.3d 557, 558, 877 N.Y.S.2d 68, 70 (1st Dep't 2009)).  Thus, plaintiff in this case may not bring a claim for "negligent arrest."

In any event, plaintiff states that he pled guilty to the charges.[3]  By pleading guilty, the plaintiff concedes that the officers had probable cause for the arrest. *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 377 (E.D.N.Y. 2013) (citing *Timmons v. Toto*, 91 F. App'x 165, 166 (2d Cir. 2004)).  Probable cause is a defense to false arrest and false imprisonment. *Minott, supra*.  Thus, a plaintiff may not establish a claim of false arrest or false imprisonment if he pleads guilty to the offense charged or pleads guilty to a lesser offense pursuant to a plea agreement. *Chillemi*, 943 F. Supp. 2d at 377.  An exception exists if the plea was not voluntary and therefore, plaintiff challenges the validity of the common law defense of probable cause to the false arrest claim. *Id.*

In this case, plaintiff does not challenge the validity of his guilty plea to the assault charge.[4]  He states that he chose to plead guilty so that he could "go home,"

---

[3] Plaintiff states that the police took pictures of "her" face and hands at the hospital.  Although plaintiff is more concerned that the individual was not "Jessica Lockwood," it is clear that a woman was taken to the hospital with injuries that were alleged to have been inflicted by the plaintiff.

[4] It is questionable that plaintiff could challenge his plea in a civil rights action because such a claim would likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (a civil law suit may not be

7

rather than going back to jail, while maintaining that "it was not her."[5] (AC at 6). Although a plea may be involuntary if induced by promises or threats which deprive it of the character of a "voluntary act," a plea is not "involuntary" simply because there are benefits which influence the defendant to plead. *Patel v. Martuscello*, No. 10-CV-5695, 2015 WL 11401853, at *7 (E.D.N.Y. May 12, 2015) (citing inter alia *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008); *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)). In addition, the Constitution allows a defendant to plead guilty while maintaining his innocence. *Id.* (citing inter alia *Edwards v. Carpenter*, 529 U.S. 446, 448 (2000)). Thus, plaintiff may not assert a false arrest claim for his September 21, 2017, allegedly "negligent" arrest. *See also McLennon v. City of New York*, 171 F. Supp. 3d 69, 88, 92-93 (E.D.N.Y. 2016) (plaintiff's conviction after the arrest is viewed as establishing the existence of probable cause sufficient to preclude a false arrest claim, even if the conviction results from a guilty plea).

### 2. October 15, 2017 Arrest

Plaintiff states that he was arrested for criminal contempt for violating the order of protection that was issued after plaintiff's guilty plea to assault in September of 2017. Plaintiff states that he told the police that he was being robbed by a woman who claimed to be Jessica Lockwood. (AC ¶ 5 at 3 - First Cause of Action). Plaintiff states

---

used to collaterally attack a criminal conviction). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

[5] Plaintiff states that the DA and the judge told him that he could plead guilty and go home, or go back to jail if he did not plead guilty. The court assumes that plaintiff would have gone back to jail to await trial on the assault charge. Instead, plaintiff chose to plead guilty.

that he told the officer that he was being robbed, but the officer gave the cell phone back to the individual claiming to be Jessica Lockwood[6] and arrested him instead. The court notes that the alleged "robbery" appears to be irrelevant because plaintiff states that he was arrested for violating the order of protection, not for robbery.

In *Coyle v. Coyle*, 354 F. Supp. 2d 207 (E.D.N.Y. 2005), the District Court granted a motion to dismiss, notwithstanding plaintiff's claim that he did not violate a valid order of protection, issued to his ex-wife. The court held that, in establishing probable cause, an arresting officer may rely upon the report of the victim, absent circumstances that raise doubts as to the victim's veracity. *Id.* at 211-212 (citing *Loria v. Gorman*, 306 F.3d 1271, 1290 (2d Cir. 2002); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Thomas v. County of Putnam*, 262 F. Supp. 2d 241, 247 (S.D.N.Y. 2003)). The fact that plaintiff was ultimately found not guilty "has no bearing on his false arrest claim." *Id.* at 211) (citing *Singer*, 63 F.3d at 118).

In addition, probable cause does not require the police to be certain that a subsequent prosecution of the plaintiff will be successful, and once they have probable cause to arrest, the fact that they did not continue to investigate the situation is not material to the probable cause analysis. *Id.* at 212 (citations omitted). Probable cause may exist even if the arrest is based on "mistaken information" as long as the arresting officer acted reasonably and in good faith in relying on that information. *Id.* (citing *Welch v. City of New York*, No. 95 Civ. 8953, 1997 WL 436382, at *5 (S.D.N.Y. Aug. 4, 1997)). The Second Circuit affirmed the District Court's decision in *Coyle*, finding

---

[6] According to plaintiff, the cell phone belonged to him.

that the plaintiff failed to allege any facts, supporting his claim that the officers who arrested him lacked probable cause. *Coyle v. Coyle*, 153 F. App'x 10, 11 (2d Cir. 2005). The Second Circuit specifically stated that once a police officer has a "'reasonable basis for believing that there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.'" 153 F. App'x at 11 (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)).

In this case, although plaintiff states that on October 15, 2017, the officers arrested him "for no reason," he concedes that on September 21, 2017, an order of protection was issued to Jessica Lockwood, based on plaintiff's plea of guilty (for whatever reason) to assaulting her. Plaintiff also states that, on October 15, 2017, he was having a confrontation with someone who claimed to be Jessica Lockwood over a cell phone and possibly some other property. Plaintiff states that he told the officers that the woman was not Jessica Lockwood, but one of the officers "said it was." Based on the holding in *Coyle*, the fact that the officers did not investigate further before arresting plaintiff for violating the protective order, when the "victim" alleged that she was the person in whose favor the order of protection was issued, does not negate the probable cause determination.

Although plaintiff alleges that the woman was not Jessica Lockwood, this potential confusion does not change what the officers believed, because plaintiff concedes that an order of protection did exist. *See also Williams v. Suffolk County*, 284 F. Supp. 3d 275, 286 (E.D.N.Y. 2018) (probable cause exists if the law enforcement officer receives information from a victim or eyewitness that warrants an arrest unless the circumstances raise doubt as to the person's veracity) (citations omitted). In this

case, while the identity of the victim may have been in question, the existence of the protective order was not, and according to plaintiff's own account, the officers believed that the woman with whom plaintiff was having a confrontation on October 15, 2017 was the person who obtained the order of protection on September 21, 2017. The officers, therefore, had probable cause to arrest plaintiff, notwithstanding his assertion that this individual was not Jessica Lockwood. *See also Murray v. New York City Dep't of Correct.*, No. 13-CV-7090, 2016 WL 11395007, at *8 (E.D.N.Y. Aug. 18, 2016) (probable cause to arrest may exist even when the arrest is made on mistaken information, so long as the officer acted reasonably and in good faith) (discussing cases).

## IV. Harassment

### A. Legal Standards

Persistent harassment may rise to the level of a New York State law claim of Intentional Infliction of Emotional Distress ("IIED"). *See Kastle v. Tompkins*, No. 13-CV-2256, 2017 WL 3206341, at *3-4 (S.D.N.Y. July 27, 2017). "Under New York law, IIED has four elements: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Thomas v. City of New York,* No. 17-CV-6079, 2018 WL 5791965, at *12 (E.D.N.Y. Nov. 5, 2018) (quoting *Restis v. American Coalition Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 729 (S.D.N.Y. 2014)).

The federal courts are granted supplemental jurisdiction over state law claims that are so related to the claims that are within the court's original jurisdiction, that they form part of the same case or controversy under the federal Constitution. 28 U.S.C. § 1367(a). If a court dismisses all claims over which it had original jurisdiction, it

would have to balance certain factors in deciding whether to exercise its discretion to exercise supplemental jurisdiction. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### B. Application

In this case, the court finds that plaintiff's constitutional claims are meritless, and would recommend that the court refrain from exercising jurisdiction over any asserted state law claims. In any event, plaintiff's third cause of action is labeled "Harassment." (AC at 4). He claims that during the "negligent" arrest in September of 2017, the officers "choked" him and turned on the heat in the police car so that plaintiff was drenched in sweat. (*Id.*) Plaintiff does not describe how the officers "choked" him or if he suffered any injury from this alleged conduct,[7] and the fact that the heat was turned on in the car in late September does not allege extreme and outrageous conduct. In addition, being too hot and sweating, without more does not meet any of the elements of IIED. Thus, in the alternative, the plaintiff's claim would fail on the merits.

## V. Malicious Prosecution

### A. Legal Standards

A malicious prosecution claim under New York law requires the plaintiff to show "'a seizure or other perversion of proper legal procedures implicating [his] personal liberty and privacy interests under the Fourth Amendment.'" *Lanning v. City of Glens*

---

[7] Plaintiff does not allege excessive force relative to the "choking," and other than the conclusory statement that the officers "choked" him and turned on the heat in the car, there are no facts that would support a claim of excessive force, which would require that the force that was used purposefully or knowingly against him was "objectively unreasonable." *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015). In addition, plaintiff alleges no custom or policy sufficient to establish municipal liability for the City of Syracuse. *See O'Diah v. New York City*, No. 02 Civ. 247, 2002 WL 1941179, at *10 (S.D.N.Y. Aug. 21, 2002) (conclusory allegations without factual support or allegation of particularized incidents does not state a valid claim for municipal liability).

12

*Falls*, No. 17-970, __ F.3d __, 2018 WL 5810258, at *3 (2d Cir. Nov. 7, 2018) (quoting *Washington v. County of Rockland*, 373 F3d 310, 316 (2d Cir. 2004) (alteration in original)). Malicious prosecution has four elements. *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015). The defendants must have commenced or continued a criminal proceeding against the plaintiff, the proceeding terminated in the plaintiff's favor, there was no probable cause for the criminal proceeding, and the proceeding was instituted with "actual malice." *Id.* (citations omitted).

### B. Application

#### 1. Police Officers/City of Syracuse

Police officers do not generally commence or continue criminal proceedings against an individual, but malicious prosecution claims may still be maintained if the officer is found to play an active role in the prosecution, such a giving advice and encouragement to the authorities to act. *Id.* (citations omitted). As the amended complaint is written, plaintiff's allegations are insufficient to state claims for malicious prosecution against the police officers or the City of Syracuse.

Plaintiff states in his fourth cause of action that "even after Jessica Lockwood called and said she lied and I did nothing wrong, and the criminal contempt was bogus, ***the DA still went on [until] the [trial] . . . .***" (AC at 4). It is clear from the amended complaint that the District Attorney made the decision to prosecute plaintiff even after the alleged telephone call from Jessica Lockwood. Thus, whatever involvement the officers had in plaintiff's arrest, they were not involved in the decision to "continue" the prosecution. Thus, plaintiff's claim for malicious prosecution must be dismissed as

against the officers and the defendant City of Syracuse.[8]

### 2. District Attorney

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation

---

[8] As stated above, plaintiff has not named the police officers in the caption of the amended complaint, even though he names the officers and their badge numbers in the body of the complaint. Based on my prior ORR, I assume that plaintiff meant to sue the officers. To the extent that plaintiff has named the City of Syracuse, a municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), (Rep't-Rec.), *adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.
    To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

In this case, plaintiff specifically states that it was the District Attorney's decision to continue the prosecution after Jessica Lockwood's alleged telephone call. Plaintiff has not named the District Attorney as a defendant. However, even if he had named the District Attorney, the amended complaint would have to be dismissed because the District Attorney would be entitled to absolute immunity for his or her decision to proceed with plaintiff's prosecution.

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. **Application**

In this case, the court has already allowed plaintiff to amend his complaint once, and in his amended complaint, he has failed to allege any claims that would survive initial review. Thus, the court will recommend dismissal without the opportunity to amend. The court notes that, with respect to any state law claims, sounding in "harassment" or IIED, the dismissal would have to be without prejudice to plaintiff filing an action in the appropriate New York State court. *See Hollander v. Garrett*, 710

15

F. App'x 35, 36 (2d Cir. 2018) (dismissal for lack of subject matter jurisdiction must be without prejudice); *Toulouse v. Village Diagnostic Treatment Ctr.*, No. 15-CV-9387, 2018 WL 4682782, at *5 (S.D.N.Y. Sept. 28, 2018).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 10) is **GRANTED**, and it is

**RECOMMENDED**, that the amended complaint (Dkt. No. 9) be **DISMISSED IN ITS ENTIRETY WITHOUT OPPORTUNITY TO AMEND**, and it is

**RECOMMENDED**, that to the extent that the complaint is interpreted as raising state law claims of Harassment or IIED, the complaint be **DISMISSED WITHOUT PREJUDICE TO FILING A CLAIM IN THE APPROPRIATE NEW YORK STATE COURT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 27, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge